IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLESA FLEWELLEN-EL,

    Plaintiff,

  v.

AT&T SERVICES, INC.,

    Defendant.

No. C 17-04193 WHA

**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND**

## INTRODUCTION

Following an order of dismissal in this employment-discrimination action, *pro se* plaintiff moves for leave to amend the complaint. For the reasons set forth below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

*Pro se* plaintiff Glesa Flewellen-El, who is African American, began working for defendant AT&T Services, Inc. in 1999. Throughout her employment, plaintiff received positive performance reviews and always met or exceeded her employer's expectations. Despite this, defendant treated plaintiff differently than her non-African American coworkers. For example, plaintiff's supervisors assigned her a heavier workload, excluded her from meetings, belittled her in front of her coworkers, and excessively monitored her work. Plaintiff reported this conduct pursuant to defendant's internal procedures. As a result, plaintiff's supervisor overloaded her with more undesirable work and ultimately terminated her after fifteen years of employment (Second Amd. Compl. ¶¶ 5, 7–9, 18, 24, 33, 42, 52–54, 56, 76).

Plaintiff initiated this action in July 2017, alleging, among other things, discrimination, retaliation, and harassment in violation of Title VII, the ADA, and 42 U.S.C. § 1981. The original complaint mistakenly designated AT&T Inc. — the parent company of plaintiff's former employer AT&T Services — as the sole defendant. In response to AT&T Inc.'s motion to dismiss for lack of personal jurisdiction, plaintiff amended the complaint to correctly name defendant AT&T Services as her former employer. Defendant then moved to dismiss all claims in the amended complaint for failure to state a claim. An order dated March 12, 2018, granted defendant's motion to dismiss but afforded plaintiff an opportunity to seek leave to amend. Plaintiff now brings the instant motion and appends a proposed second amended complaint. This order follows full briefing and oral argument (Dkt. Nos. 1, 8, 16, 43, 46).

**ANALYSIS**

FRCP 15(a)(2) advises, "The court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendant opposes plaintiff's motion for leave to amend, arguing that amendment would be futile and unduly prejudicial.

### 1. TITLE VII AND ADA CLAIMS.

The March 12 order held that plaintiff's Title VII and ADA claims were time-barred due to plaintiff's failure to timely file a charge of discrimination with the EEOC. Under both statutes, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC or appropriate state agency within 180 or 300 days of the alleged discriminatory act. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002); *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 823 n.12 (9th Cir. 2001). Here, plaintiff failed to file a charge with the EEOC or DFEH until March 2017, over three years after defendant terminated her

employment in January 2014. The March 12 order rejected plaintiff's argument that she timely filed an EEOC charge through letters mailed or faxed to the EEOC or other government agencies in 2014. While plaintiff now points to another letter she sent in 2014, her proposed amendment does not remedy this defect. Plaintiff's motion for leave to amend her ADA and Title VII claims is **DENIED**.[1]

2. **FRAUD CLAIMS.**

To state a claim for fraud, a plaintiff must allege: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). The elements of a claim for intentional misrepresentation are the same. *See Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007). Plaintiff's fraud claims are subject to a three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). Because plaintiff initiated this action on July 24, 2017, the March 12 order held that defendant's pre-July 2014 conduct was time-barred. As to the post-July 2014 conduct alleged in the complaint, the March 12 order dismissed plaintiff's fraud claims for failing to meet FRCP 9(b)'s pleading requirements. Plaintiff's proposed amendment fails to remedy the latter issue.

*First*, plaintiff alleges that in February 2014, Dwight Thompson made a false representation regarding plaintiff's accrued vacation days. Plaintiff argues that she did not discover the falsity of the representation until 2017, when she learned that she was entitled to more pay under California law. Even if timely, this allegation fails to meet FRCP 9(b)'s pleading requirements, as plaintiff fails to allege that Thompson knew or had reason to know that his statement was false.

*Second*, plaintiff alleges that defendant falsely reported plaintiff's earned wages to the Social Security Administration in 2015. The March 12 order dismissed this claim for failing to state the circumstances constituting the alleged misrepresentation with particularity, such as

---

[1] Relying on *Mercado v. Puerto Rico*, 814 F.3d 581 (1st Cir. 2006), plaintiff argues that her ADA claims are subject to a four-year statute of limitations under the ADA Amendment Act. The plaintiff in *Mercado* brought claims for discrimination in public services under Title II of the ADA, not claims for employment discrimination claims under Title I.

3

when defendant made the representation and what pay period it related to. The proposed amendment fails to remedy this defect.

*Third*, plaintiff alleges that defendant conspired with care providers to tamper with plaintiff's medical reports. While plaintiff has added some allegations as to the information she received in 2017 which demonstrates that her MRI was tampered with, the proposed amendment still fails to allege the "who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 1000 (9th Cir. 2010). Plaintiff's motion for leave to amend her fraud, intentional misrepresentation, and deceit claims is **DENIED**.

### 3. SECTION 1981 CLAIMS.

Section 1981 claims are subject to a four-year statute of limitations. *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1007 (9th Cir. 2011). This order therefore limits its analysis to whether or not plaintiff has sufficiently alleged Section 1981 claims based on conduct that occurred *after* July 24, 2013. "In order to withstand a motion to dismiss for failure to state a claim, a [Section] 1981 cause of action need only allege 'that plaintiff suffered discrimination . . . on the basis of race.'" *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995) (quoting *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 625 (9th Cir. 1988)). Plaintiff's discrimination, retaliation, and hostile work environment claims meet the minimum pleading standards for Section 1981 claims.

Among other things, plaintiff's proposed amended complaint alleges that because of her race, and as compared to her non-African American coworkers, plaintiff had a heavier workload, was excluded from group meetings, received lower pay increases, and was denied opportunities to advance in other areas of the company (Second Amd. Compl. ¶¶ 33–34, 41–49). Moreover, the proposed amended complaint alleges that plaintiff filed a complaint with the AT&T Ombudsman regarding this discriminatory conduct, in addition to raising concerns with her supervisors and human resources department. Internal complaints suffice as protected activity, *Cozzi v. Cty. of Marin*, 787 F. Supp. 2d 1047, 1067 (N.D. Cal. 2011) (Judge Phyllis

Hamilton), and as a result of these complaints, plaintiff alleges that she received more undesirable work and was ultimately terminated (Second Amd. Compl. ¶¶ 56, 76).

Defendant disagrees that these allegations are sufficient to state a claim for discrimination under Section 1981, arguing that plaintiff must specifically plead that particular discriminatory acts occurred during the sixth-month period open under the statute of limitations. Defendant's brief cites no authority in support of this argument, nor was counsel able to cite such a decision during the hearing on plaintiff's motion. Contrary to defendant, our court of appeals recognizes short and plain statements, like those at issue here, as "sufficient to survive a motion to dismiss for failure to state a claim." *See Parks School*, 51 F.3d at 1487. Moreover, "pro se pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

With respect to plaintiff's retaliation claim, defendant incorrectly argues that plaintiff's proposed amendments are futile because they fail to plead a prima facie case of retaliation under the framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But because plaintiff may ultimately prove retaliation by direct evidence, *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004), she need only plead facts sufficient to show that her retaliation claim is substantively plausible. Plaintiff has done so here.

To plead a hostile work environment claim under Section 1981, plaintiff must allege that "(1) [she] was subjected to verbal or physical conduct because of [her] race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). In considering whether the discriminatory conduct was "severe or pervasive," courts look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ibid*. (citations omitted).

Plaintiff alleges that coworkers made racially charged comments to her. Some of these alleged comments occurred prior to July 2013 and are accordingly time-barred (*see, e.g.,*

5

Second Amd. Compl. ¶¶ 15, 20, 42, 52). Other allegations, however, concern conduct that occurred throughout plaintiff's employment. For example, coworkers would make comments suggesting that all African Americans are violent, and plaintiff's supervisors would yell at and belittle her in front of her colleagues because of her race (*id.* ¶¶ 10, 19, 22, 24, 51). This is sufficient to plead a hostile work environment claim under Section 1981. Defendant argues that these allegations cannot plausibly suggest a hostile work environment because plaintiff alleges she worked from home during the relevant time period. This order disagrees. It is true that the complaint does not specify the extent to which this conduct occurred during the short period at issue. Counsel may explore this uncertainty through discovery and promptly bring a claim for summary judgment.

With respect to plaintiff's proposed claim for "emotional pain and suffering" under Section 1981, however, amendment is futile (*id.* ¶ 77). While plaintiff may seek compensation for pain and suffering caused by defendant's violations of Section 1981, *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1498 (9th Cir. 1995), this is not a standalone claim for relief. Plaintiff's request for leave to assert a separate Section 1981 claim for "emotional pain and suffering" is **DENIED**. Plaintiff's motion for leave to amend her discrimination, retaliation, and harassment claims under Section 1981 is **GRANTED**.

### 4. DEFENDANT IS NOT PREJUDICED.

Defendant argues that even if the proposed amendments were not futile, plaintiff's motion should be denied because defendant would be prejudiced if it were required to investigate and litigate plaintiff's surviving claims. Not so. Plaintiff timely filed a motion for leave to amend her complaint pursuant to the May 12 order. To the extent stated above, this order finds that plaintiff has sufficiently pled timely claims for relief under Section 1981. Defendant has had notice of the general issues and facts upon which plaintiff's claims are based and is not prejudiced by the amendment.

**CONCLUSION**

Plaintiff's motion for leave to file an amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must file an amended complaint consistent with this order by **JUNE 8**.

**IT IS SO ORDERED.**

Dated: May 25, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE